■ In the Matter of RYAN FELTZ, Petitioner, v STATE OF NEW YORK et al., Respondents. [969 NYS2d 609]—Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1] to, among other things, compel respondents to reinstate petitioner's pistol permit.

In late May 2012, petitioner was ordered, pursuant to a temporary order of protection issued by Family Court, Greene

County (Tailleur, J.), to surrender all pistols, rifles and other firearms (*see* Family Ct Act § 842-a [1] [b]). Upon compliance with that order, petitioner was arrested and charged with criminal possession of a weapon in the fourth degree based on his surrender of an alleged unlawfully possessed firearm (*see* Penal Law § 265.01 [1]). As a result, in late June 2012, respondent County Judge of Greene County suspended petitioner's pistol permit pending resolution of the criminal proceedings. The following month, the temporary order of protection was vacated. In August 2012, petitioner commenced this special proceeding pro se seeking a writ of mandamus to compel respondents to reinstate his pistol permit and dismiss the criminal charge against him.

Subsequent to petitioner's initiation of this special proceeding, the criminal charge against him was dismissed by respondent Town Justice of the Town of Cairo based upon the conclusion that petitioner's surrender of the alleged illegal and/or unlicensed firearm was privileged under the Fifth Amendment (*see* US Const 5th Amend; *People v Havrish*, 8 NY3d 389, 395-397 [2007], *cert denied* 552 US 886 [2007]). Petitioner applied for reinstatement of his pistol permit and, after the County Judge recused himself, the permit matter was transferred to County Court, Columbia County. While this special proceeding was still pending, County Court, Columbia County (Koweek, J.) held a hearing and reinstated petitioner's pistol permit. As petitioner has been afforded the full relief sought in this special proceeding—i.e., reinstatement of his pistol permit and dismissal of the criminal charges against him—the petition herein must be dismissed as moot (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of Johnson v Evans*, 76 AD3d 1164, 1164 [2010], *lv denied* 16 NY3d 702 [2011]; *Matter of Tryon v County Ct. of Chenango County*, 48 AD2d 960, 960 [1975]). Petitioner's remaining contentions are either moot or not properly before us (*see* CPLR 506 [b] [1]; 7803).

Rose, J.P., Stein and Garry, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.